# COMPOSITE
# EXHIBIT 1

Filing # 81359457 E-Filed 11/28/2018 06:40:00 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I. **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Orlando E Hasbun</u>
Plaintiff
                    vs.
<u>Pollo Relations Inc. d/b/a Pollo Tropical</u>
Defendant

II. **TYPE OF CASE**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence – other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability – commercial
    ☐ Premises liability – residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure $0 - $50,000
    ☐ Commercial foreclosure $50,001 - $249,999
    ☐ Commercial foreclosure $250,000 or more
    ☐ Homestead residential foreclosure $0 – 50,000
    ☐ Homestead residential foreclosure $50,001 - $249,999
    ☐ Homestead residential foreclosure $250,000 or more
    ☐ Non-homestead residential foreclosure $0 - $50,000
    ☐ Non-homestead residential foreclosure $50,001 - $249,999

☐ Non-homestead residential foreclosure $250,00 or more
☐ Other real property actions $0 - $50,000
☐ Other real property actions $50,001 - $249,999
☐ Other real property actions $250,000 or more

☐ Professional malpractice
    ☐ Malpractice – business
    ☐ Malpractice – medical
    ☐ Malpractice – other professional
☒ Other
    ☐ Antitrust/Trade Regulation
    ☐ Business Transaction
    ☐ Circuit Civil - Not Applicable
    ☐ Constitutional challenge-statute or ordinance
    ☐ Constitutional challenge-proposed amendment
    ☐ Corporate Trusts
    ☐ Discrimination-employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☒   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (    )**
  (Specify)

  <u>3</u>

V.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Carlos D. Serrano</u>  FL Bar No.: <u>1010125</u>
   Attorney or party          (Bar number, if attorney)

  <u>Carlos D. Serrano</u>  <u>11/28/2018</u>
   (Type or print name)        Date

Filing # 81359457 E-Filed 11/28/2018 06:40:00 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ORLANDO E. HASBUN,

     Plaintiffs,

vs.                                  Case No.

POLLO OPERATIONS, INC. d/b/a
POLLO TROPICAL,
a Florida Profit Corporation,

     Defendants.
_____/

## COMPLAINT

     COMES NOW Plaintiff, ORLANDO E. HASBUN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, POLLO OPERATIONS, INC. d/b/a POLLO TROPICAL ("Defendant"), and alleges as follows:

1. This is an action for damages resulting from Defendant's violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* and Section 440.205 of the Florida Statutes, as well as the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), to redress injuries resulting from Defendant's unlawful, disability-based discriminatory treatment of and retaliation against Plaintiff.

2. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs.

3. Plaintiff is a resident of Miami-Dade County, Florida and is otherwise *sui juris*.

4. Defendant, at all times material hereto, carried on a business venture in Miami-Dade County Florida, and was engaged in substantial activity within this state and Miami-Dade County.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Miami-Dade County, Florida.

6. Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year.

7. Plaintiff was employed for at least twelve (12) months by Defendant and has worked at least 1,250 hours in the twelve (12) months.

8. All conditions precedent to bringing this action have occurred, been performed, or been excused.

9. Plaintiff has retained the undersigned counsel in order that Plaintiff's rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

## FACTS COMMON TO ALL COUNTS

10. Plaintiff was hired by Defendant as a General Manager on or about March 1994.

11. Due to Plaintiff's impeccable work ethic, he was promoted to Field Training Manager on or about 2008, and subsequently to Classroom Trainer on or about 2016.

12. On or about May 16, 2017, Plaintiff underwent open-heart surgery.

13. This procedure had a great impact on Plaintiff's life as, after it was performed, Plaintiff had difficulty performing some major life functions.

14. As such, Plaintiff is within a class of individuals protected by the FCRA.

15. Plaintiff reported said illness to Defendant through a supervisor and requested medical leave.

2

16. Plaintiff was granted family medical leave under the FMLA from on or about June 2017 through September 2017.

17. Plaintiff's duties as a Classroom Trainer required him to instruct Defendant's employees on company policies and procedures, almost entirely in a classroom setting. Plaintiff's doctors approved his return to work under the impression that he would return to his Classroom Trainer position.

18. Upon his return in September 2017, Plaintiff was notified that he was no longer to perform the duties of a Classroom Trainer and would instead be a Field Trainer. This position was not in a classroom setting and required Plaintiff to drive for extended periods of time to different stores across the Tri-County area.

19. Such change in title and duties, which were in direct conflict with Plaintiff's doctor's orders upon returning from open-heart surgery, was done in retaliation for Plaintiff's request for medical leave.

20. On or about April 3, 2018, Defendant terminated Plaintiff's employment.

21. Plaintiff's work prior to discharge was satisfactory or more than satisfactory.

22. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations in April 19 of 2018.

23. More than 180 days have passed since the filing of Plaintiff's Discrimination Charge, and the EEOC did not issue a determination of rights.

**COUNT I**
*Retaliation Under The FMLA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff is an individual entitled to protection under the FMLA.

26. Plaintiff is an employee within the meaning of the FMLA.

27. Plaintiff suffered from a serious health condition within the meaning of the FMLA.

28. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

29. Defendant's actions constitute a violation of the FMLA.

30. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

    a.  Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

    e.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

https://www2.miami-dadeclerk.com/ocs/ViewerHTML5.aspx?QS=B6%2f9EwnZlIiih%2bg...   1/2/2019

## COUNT II
### *Disability Discrimination in Violation of the FCRA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the FCRA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability -based animosity.

32. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is legally blind.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

5

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

38. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

39. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE,** Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

6

f.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Retaliation in Violation of the FCRA*

40.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

41.   Plaintiff is a member of a protected class under the FCRA.

42.   By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

43.   Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

44.   As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

45.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

46.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from

7

such action in the future.

47. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

    a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## [SPACE INTENTIONALLY LEFT BLANK]

8

**JURY TRIAL DEMAND**

Plaintiff demands a trial by jury of all issues so triable.

Dated: November 28, 2017.

Respectfully submitted,

/s/

**REMER & GEORGES-PIERRE, PLLC.**
*Attorneys for Plaintiff*
Peter M. Hoowerd, Esq.
Florida Bar Number: 188239
pmh@rgpassociates.com
Nathaly Lewis
Florida Bar Numer 118315
Carlos D. Serrano, Esquire
Florida Bar Number: 1010125
cs@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
E-mail: cs@rgpattorneys.com

9

Filing # 81457027 E-Filed 11/30/2018 01:02:30 PM

                                    IN THE CIRCUIT COURT OF THE
                                    11TH JUDICIAL CIRCUIT IN AND FOR
                                    MIAMI-DADE COUNTY, FLORIDA

ORLANDO E. HASBUN,

     Plaintiff,

vs.                                 Case No. 2018-039719-CA-01

POLLO OPERATIONS, INC. d/b/a
POLLO TROPICAL,
a Florida Profit Corporation.

     Defendant.
_____/

## SUMMONS IN A CIVIL CASE

**TO:** POLLO OPERATIONS, INC. d/b/a POLLO TROPICAL. through its Registered Agent:

     MAYER, MARIA C, ESQ.
     7255 CORPORATE CENTER DRIVE SUITE C
     MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

     PETER M. HOOGERWOERD, ESQ.
     REMER & GEORGES-PIERRE, PLLC.
     44 WEST FLAGLER STREET. STE. 2200
     MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                          DATE

_____
(BY) DEPUTY CLERK

Filing # 81457027 E-Filed 11/30/2018 01:02:30 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ORLANDO E. HASBUN,

      Plaintiff,

vs.                          Case No. 2018-039719-CA-01

POLLO OPERATIONS, INC. d/b/a
POLLO TROPICAL,
a Florida Profit Corporation.

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:** POLLO OPERATIONS, INC. d/b/a POLLO TROPICAL. through its Registered Agent:

        MAYER, MARIA C, ESQ.
        7255 CORPORATE CENTER DRIVE SUITE C
        MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        PETER M. HOOGERWOERD, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET. STE. 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

12/3/2018

| | |
|---|---|
| CLERK | DATE |
| _Amanda Marom_ 309876 | |
| (BY) DEPUTY CLERK | |

Filing # 81866453 E-Filed 12/10/2018 12:25:53 PM

## RETURN OF SERVICE

State of Florida          County of MIAMI-DADE         Circuit Court

Case Number: 2018-39719-CA-01

Plaintiff:
ORLANDO E. HASBUN

vs.

Defendant:
POLLO OPERATIONS, INC D/B/A POLLO TROPICAL

For:
Peter Michael Hoogerwoerd
REMER & GEORGES-PIERRE, PLLC.
44 West Flagler Street
Suite 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 5th day of December, 2018 at 1:39 pm to be served on POLLO OPERATIONS, INC D/B/A POLLO TROPICAL C/O MARIA C. MAYER, ESQ. AS REGISTERED AGENT, 7255 CORPORATE CENTER DR, STE C, MIAMI, FL 33126.

I, GLENVILLE SMITH, do hereby affirm that on the 6th day of December, 2018 at 10:45 am, I:

CORPORATE: served by delivering a true copy of the SUMMONS AND COMPLAINT with the date and hour of service endorsed thereon by me, to: PATRICIA BEALL as EMPLOYEE of POLLO OPERATIONS, INC D/B/A POLLO TROPICAL7255 CORPORATE CENTER DR, STE C, MIAMI, FL 33126, and informed said person of the contents therein, in compliance with Federal Rules of Civil Procedure, Florida Statute 48.081 or other state statute as applicable.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE. 92.525.

GLENVILLE SMITH
CPS # 502

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2018017220

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V8.0h



Filing # 81457027 E-Filed 11/30/2018 01:02:30 PM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ORLANDO E. HASBUN,

    Plaintiff,

vs.                       Case No. 2018-039719-CA-01  *Employee*

POLLO OPERATIONS, INC. d/b/a              *Patricia Beall*
POLLO TROPICAL,
a Florida Profit Corporation.               *12/6/18*    *10:45 Am*

    Defendant.                                    *502*

_____/

### SUMMONS IN A CIVIL CASE

TO: POLLO OPERATIONS, INC. d/b/a POLLO TROPICAL, through its Registered Agent:

    MAYER, MARIA C, ESQ.
    7255 CORPORATE CENTER DRIVE SUITE C
    MIAMI, FL 33126

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER M. HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET, STE. 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

                       12/3/2018

CLERK                      DATE
             309876

(BY) DEPUTY CLERK

                                          17220.

Filing # 82500544 E-Filed 12/21/2018 03:44:20 PM

IN THE CIRCUIT COURT OF THE
11ᵗʰ JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

Case No. 2018-039719-CA-01

ORLANDO E. HASBUN,

      Plaintiff,

v.

POLLO OPERATIONS. INC. d/b/a,
POLLO TROPICAL,
a Florida Profit Corporation.

      Defendant.

_____/

## NOTICE OF APPEARANCE

    **PLEASE TAKE NOTICE** that attorney, Sandra J. Millor, Esq., of Akerman, LLP submits her

notice of appearance as counsel of record in this action on behalf of Defendant Pollo Operations, Inc.,

d/b/a, Pollo Tropical ("Defendant").  Accordingly, the undersigned counsel respectfully requests that she

be served with all pleadings, orders and correspondence relating to Defendant at the below listed address.

Dated: December 21, 2018           Respectfully submitted,

                       **AKERMAN LLP**
                       Three Brickell City Centre
                       98 S.E. 7th Street, Suite 1100
                       Miami, Florida 33131
                       Telephone: 305-374-5600
                       Facsimile: 305-374-5095

                       By: */s/ Sandra J. Millor*_____
                       Sandra J. Millor
                       Florida Bar No. 13742
                       Primary e-mail: sandra.millor@akerman.com
                       Lawrence D. Silverman
                       Florida Bar No. 007160
                       Primary e-mail:
                       lawrence.silverman@akerman.com
                       Secondary e-mail:
                       wendy.gonzalez@akerman.com

                       *Counsel for Defendant*

47343043;1

CASE NO. 10-018316 CA 43

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 21st day of December, 2018, on the following via e-mail:

**REMER & GEORGES-PIERRE, PLLC**
Peter Hoogerwoerd, Esq.
Nathaly Lewis, Esq.
Carlos D. Serrano, Esq.
44 West Flagler Street, Suite 2200
Miami, Florida 33130
Tel: (305) 416-5000
Fax: (305) 416-5005
Email: pmh@rgpattorneys.com
       cs@rgpattorneys.com
       nl@rgpattorneys.com

*Counsel for Plaintiff*

By: */s/ Sandra J. Millor*
Sandra J. Millor

2

473-43043;1